UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
:
TCD ROYALTY SUB LLC, :
:
                          Plaintiff, :
: 16-CV-9777 (VSB)
         - against - :
: **OPINION & ORDER**
:
GALDERMA LABORATORIES L.P., et al., :
:
                         Defendants. :
:
---------------------------------------------------------X

Appearances:

Mitchell Patrick Hurley
Stephanie L. Gal
John P. Kane
Akin Gump Strauss Hauer & Feld LLP
New York, New York
*Counsel for Plaintiff*

Joseph Craig Lawlor
Richard D. Rochford, Jr.
Haynes and Boone, LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff TCD Royalty Sub LLC ("TCD") brings this action against Defendants Galderma Laboratories L.P. ("Galderma") and Prasco, LLC ("Prasco") asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and tortious interference with contract. Before me is Plaintiff's motion to remand this matter to the state court where it was originally commenced for lack of diversity jurisdiction under 28 U.S.C. § 1332 and for payment of costs and expenses, including attorneys' fees. Because Defendants

have not carried their burden to demonstrate the existence of diversity jurisdiction, Plaintiff's motion for remand is GRANTED. Because Defendants had an objectively reasonable basis for seeking removal, Plaintiff's motion for costs and expenses is DENIED.

## I. Background and Procedural History

Plaintiff commenced this action by filing a Summons with Notice in New York State Supreme Court, New York County, on November 29, 2016. (Doc. 1, at 4–5.) In its complaint, Plaintiff alleges state law claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and tortious interference with contract, arising from a royalty agreement between the parties and/or their predecessors-in-interest. (*Id.* at 11–25.)

On December 19, 2016, Defendants filed their notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, based on a claim that the parties are diverse. (*Id.* at 1–2.) In their notice of removal, Defendants asserted that "[t]here is complete diversity of citizenship between TCD and Defendants in this action because: (a) TCD, a limited liability company, is a non-U.S. citizen for the purposes of the diversity jurisdiction analysis based on the citizenship of its member, which is organized under the laws of Luxembourg; (b) Galderma, a limited partnership, is a Delaware citizen for the purpose of the diversity jurisdiction analysis based on the citizenship of its partners; and (c) Prasco, a limited liability company, is an Ohio citizen for the purpose of the diversity jurisdiction analysis based on the citizenship of its members." (*Id.*)

On December 21, 2016, Plaintiff filed its motion to remand, along with a memorandum of law in support. (Docs. 5–6.) On January 10, 2017, Defendants filed a memorandum of law in opposition, (Doc. 13), and on January 20, 2017, Plaintiff filed a reply and declaration with exhibits, (Docs. 14–15). On November 17, 2017, I held a status conference to discuss, among other things, the motion to remand and provided the parties an opportunity to submit additional

arguments in support of their positions. On November 28, 2017, Defendants filed a letter, with exhibits, in further support of their opposition to the motion. (Doc. 32.)

## II. Legal Standard

Pursuant to 28 U.S.C. § 1332(a):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States [or];
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State . . . .

28 U.S.C. § 1332(a). In order for there to be jurisdiction under section 1332(a), there must be "complete diversity" between the parties. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 545 (S.D.N.Y. 2013) ("[D]iversity is lacking where any party to the action is a citizen of the same state as an opposing party.").

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A limited liability company ("LLC") has the citizenship of all of its members for the purposes of diversity jurisdiction. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is well-settled that the party

3

asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Accordingly, "[w]here . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "Any doubts as to removability should be resolved in favor of remand." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001); *see also Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000) ("[T]he party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise.").

### III. <u>Discussion</u>

#### A. *Motion for Remand*

It is undisputed that, for the purpose of determining diversity jurisdiction, Galderma is a citizen of Delaware and Prasco is a citizen of Ohio. (Defs.' Letter 1.)[1] It is further undisputed that TCD is owned by a single member, Royalty Opportunities S.ar.l. ("Royal")—a S.A.R.L. organized under the laws of Luxembourg—and that two of the several shareholders of Royal are U.S. corporations that are citizens of Ohio and Delaware. (*Id.*)

The parties' dispute as to whether there is diversity jurisdiction turns on whether a S.A.R.L. constitutes a corporation or an LLC for purposes of determining diversity jurisdiction. If a S.A.R.L. is considered an LLC, as Plaintiff argues, I must consider the citizenship of Royal's members to determine Royal's citizenship and complete diversity would be lacking because Prasco and one of the members of Royal are citizens of Ohio and Galderma and one of the

---

[1] "Defs.' Letter" refers to the November 28, 2017 letter submitted by Defendants in response to my request for further information regarding the treatment of a Societe a Responsabilite Limitee ("S.A.R.L.")—a corporate form available in many countries, including France, Luxembourg, and Switzerland—for the purposes of corporate citizenship in the diversity jurisdiction context. (Doc. 32.)

4

members of Royal are citizens of Delaware. However, if a S.A.R.L. is considered a corporation, as Defendants argue, I must only look to Royal's place(s) of incorporation and principal place of business to determine its citizenship and the requirements for complete diversity would be satisfied.

In support of their position that a S.A.R.L. should be treated like a corporation in the diversity jurisdiction context, Defendants cite just one case. (*See* Defs.' Letter 1–2 (citing *Grace v. Corbis Sygma*, 403 F. Supp. 2d 337 (S.D.N.Y. 2005)).) In *Grace*, the court found that it had "subject matter jurisdiction over [the] case by virtue of the diversity of citizenship of the parties [because] Sygma S.A.R.L. is a French corporation." 403 F. Supp. 2d at 347. I find this case unpersuasive as the court, in a ruling after a bench trial, perfunctorily decided that complete diversity of the parties existed; without conducting a jurisdictional analysis, the court accepted the parties' undisputed contention that the S.A.R.L. held French citizenship. *See id.* In other words, the parties agreed and did not dispute jurisdiction so the court's statements in *Grace* were not made in the context of resolving a dispute.

Unlike in *Grace*, federal courts that have conducted a jurisdictional analysis of the issue have not decisively concluded how a S.A.R.L. should be treated for the purpose of diversity jurisdiction. *See, e.g.*, *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (finding that "the citizenship of V & M's 'French S.A.R.L.' is unclear for diversity jurisdiction" and remanding to the district court with instructions to resolve the issue, though resolution of the issue never occurred because the case was decided on other grounds); *Arcelormittal Ind. Harbor LLC v. Amex Nooter, LLC*, 194 F. Supp. 3d 804, 817 (N.D. Ind. 2016) (noting the lack of authority regarding whether a S.A.R.L. should be considered a corporation or an LLC but declining to opine on the matter because jurisdiction would exist either way); *Burge v. Sunrise*

*Med. (US) LLC*, No. 13-cv-02215-PAB-MEH, 2013 WL 6467994, at *2 (D. Colo. Dec. 9, 2013) (noting that "no controlling precedent exists regarding how to determine the citizenship of a French S.A.R.L. for diversity-jurisdiction purposes" and dismissing case without reaching the issue because defendants failed to show entity's citizenship regardless of whether it was considered a corporation or an LLC (citation omitted)); *Indus. Fuel Co. v. Invista S.A.R.L., LLC*, No. 5:06CV40-V, 2008 WL 619189, at *3 (W.D.N.C. 2008) (stating that "there is no authority considering, much less deciding, whether a S.A.R.L. created under the laws of Luxembourg is to be treated as a corporation or a[n] [LLC] for diversity purposes," but finding that complete diversity existed whether defendant was treated as a corporation or an LLC).

Defendants further attempt to support their position by highlighting certain purported similarities between a S.A.R.L. and a U.S. corporation. (*See* Defs.' Letter 3.) Specifically, Defendants note that a S.A.R.L. is formed through the filing of articles of incorporation, has shareholders who can hold their shares in different classes, and is taxed at the corporate level. (*Id.*) However, numerous federal courts and legal scholars have found, outside of the diversity context, that a S.A.R.L. is more akin to an American LLC than a corporation. *See, e.g.*, *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924, n.2 (11th Cir. 2007) ("SARL is the French abbreviation for a term used to describe a private company similar to an American limited liability company."); *Johnson v. CL Med. SARL*, No. 15-2075, 2016 WL 9665160, at *1 n.1 (C.D. Ill. July 15, 2016) ("A SARL is a French company broadly equivalent to a limited liability company in the United States." (internal quotation marks omitted)); *Abano v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-06268-SVW-AFM, 2015 WL 5971547, at *2 (C.D. Cal. Oct. 13, 2015) (stating that defendant S.A.R.L. "is a Luxembourg entity similar to an American limited liability company"); *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 Civ.

6

1369(LGS)(AJP), 2013 WL 1668206, at *5 n.6 (S.D.N.Y. Apr. 18, 2013) ("SARL is the French abbreviation for a term used to describe a private company similar to an American limited liability company." (internal quotation marks omitted)), *report and recommendation adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also* Josh Ji, Note, *SARLs & Diversity Jurisdiction*, 5 UC Irvine L. Rev. 1463, 1476 (2015) (noting that, compared to a corporation, a S.A.R.L. does not "possess several key characteristics: A S.A.R.L. can dispense with a collective board in favor of a single, general director or one-person board[,] [s]hares are non-negotiable and are not freely transferable to persons who are not already shareholders in the enterprise[,] [and] a S.A.R.L. cannot make a public offering of its shares"); *cf. Pittway Corp. v. United States*, 88 F.3d 501, 502 (7th Cir. 1996) (explaining that the "S.A." or "societe anonyme" is a "business form roughly equivalent to a U.S. corporation"); Ji, *SARLs & Diversity Jurisdiction*, 5 UC Irvine L. Rev. at 1475 (contrasting the "Societe Anonyme (SA), the counterpart under French law of an American corporation," and the S.A.R.L. (citing Loftus E. Becker, *The Societe Anonyme and the Societe a Responsabilite Limitee in France*, 38 N.Y.U. L. Rev. 835 (1963))).

Since Defendants have the burden of establishing jurisdiction, *Blockbuster*, 472 F.3d at 57, and doubts concerning removability should be resolved in favor of remand, *Payne*, 172 F. Supp. 2d at 477, I find that Defendants have failed to sufficiently demonstrate that Royal should be treated like a corporation for the purposes of the diversity jurisdiction analysis and thus have not carried their burden of demonstrating that complete diversity exists between the parties.[2]

---

[2] To the extent Defendants also argue that remand should be denied because the parties agreed to litigate any disputes between them exclusively in federal court, that argument is not persuasive as parties cannot create federal subject matter jurisdiction by contract. *See Calzaturificio Giuseppe Garbuio S. A. S. v. Dartmouth Outdoor Sports, Inc.*, 435 F. Supp. 1209, 1211 (S.D.N.Y. 1977) ("[I]t is fundamental that subject matter jurisdiction cannot be conferred by agreement of the parties."); *see also United States ex rel. Vealey v. Suffolk Constr. Co.*, No. 95 CIV. 9363 (SS), 1996 WL 391875, at *3 n.3 (S.D.N.Y. July 11, 1996) (same).

The case must be remanded.

### B. *Motion for Costs and Expenses*

Plaintiff also seeks an order requiring the payment by Defendants of Plaintiff's costs and expenses, including attorneys' fees, incurred as a result of Defendants' removal of this matter. Plaintiff claims that Defendants did not adequately comply with Local Rule 81.1 because they failed to identify each of the partners of Galderma and members of Prasco and failed to adequately identify Royal's citizenship in the jurisdictional statement contained in their Notice of Removal.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). The Second Circuit has also held that a court should deny a request for attorneys' fees unless a defendant's grounds for removal are clearly barred by established federal law. *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order) ("[I]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." (internal quotation marks omitted)).

Because I find that removal was not clearly barred by federal law and Defendants had an objectively reasonable basis for seeking removal, Plaintiff's request for costs and fees is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for remand is GRANTED and Plaintiff's motion for costs and fees is DENIED. The Clerk of Court is respectfully directed to remand this case to the New York State Supreme Court, New York County, close the open motions at Dkt. Nos. 5 and 28, and close the case.

SO ORDERED.

Dated: October 31, 2018
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge